UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SPRINGLEAF FINANCIAL SERVICES, INC.<br><br>Plaintiff,<br><br>v.<br><br>JOHN D. CRUMPTON,<br><br>Defendant. | Case No. 1:14-cv-00006-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is a motion to dismiss filed by the Defense Finance Accounting Service (DFAS). DFAS removed this case from state court after the state court ordered DFAS to appear for an examination related to Plaintiff Springleaf Financial Service, Inc.'s attempt to have DFAS garnish Defendant John D. Crumpton's wages. At issue is whether Springleaf, as a judgment creditor, can recover damages against DFAS, an agency of the United States, for its allegedly wrongful failure to garnish Crumpton's wages. It cannot. The doctrine of sovereign immunity prevents this Court, or any state court, from ordering DFAS to garnish Crumpton's wages. For the following reasoning

Defendants Motion to dismiss for lack of subject matter jurisdiction (F.R.C.P. 12(b)(1)) is granted and the state order to appear is quashed.

## BACKGROUND

Defendant Crumpton was on full-time National Guard duty from October 1, 2012 through September 27, 2013. On September 27, 2013, Crumpton became a part-time reservist. *See Asher Decl. at 4-6,* Dkt. 6-3.

According to the complaint filed against Crumpton in state court, he owed the plaintiff, Springleaf, $6,262.93. *Id.* at 7. Springleaf moved for and obtained a default judgment against Crumpton on April 10, 2013—while he was on full-time National Guard duty. *Id.* at 8-9. On April 19, 2013, Springleaf filed its "Motion for Continuous Writ of Execution and Garnishment on Defendant Crumpton's Wages from United States Department of Defense," which the state court granted on April 24, 2013. *Hurwit Decl. at 10-11*, Dkt. 9, 10. On June 3, 2013, DFAS informed Springleaf that the Writ of Garnishment could not be honored, but that Springleaf could apply for an involuntary allotment against Defendant Crumpton's pay pursuant to Title 32, Code of Federal Regulations, Parts 112 and 113. *Asher Decl. at 12*, Dkt. 6-7. Springleaf applied for an involuntary allotment. Dkt. 6-18.

On July 16, 2013, and September 9, 2013, DFAS informed Springleaf's counsel that its application could not be approved, however, because the procedural requirements under the Service members Civil Relief Act, 50 U.S.C. App. §§ 501 *et seq.* ("SCRA") were not satisfied. Through this litigation, DFAS also explained that Crumpton no longer

would be on active duty status as of the end of September 2013, and that, at that point, the involuntary allotment process would no longer be available. Dkt. 6-12, 13.

On November 12, 2013, Springleaf filed its "Motion for Examination of Garnishee and Payment of Writ of Garnishment by DFAS." Dkt. 6-12. Ordering DFAS to appear in state court on February 4, 2013 for an "examination" regarding the Writ of Garnishment and stated that "[i]f the Garnishee DFAS fails to appear as ordered, they may be arrested and brought before the Court and punished for contempt." Dkt. 6-14.

On December 6, 2013, Springleaf served the state court's order on the United States Attorney's Office. In response, DFAS (through the United States Attorney's Office) explained again why it would not honor the Writ of Garnishment and Springleaf s involuntary allotment application. *Exhibit at 3*, Dkt. 6-16. Springleaf responded on December 6, 2013, and stated it would not withdraw its attempt to enforce the Writ of Garnishment against DFAS. Dkt. 6-17. The United States removed this action on January 6, 2014. Dkt. 1.

During the course of this litigation, and after denying Springleaf's involuntary allotment request for procedural deficiencies, DFAS discovered that Crumpton was never considered "active duty" but instead was on "full-time National Guard duty" from October 1, 2012 through September 27, 2013. *Second Asher Decl.* ¶¶ 6-9, Dkt. 11-1. DFAS now takes the position that Crumpton never was eligible for the involuntary allotment process, even if Springleaf's request had not been procedurally deficient. *Id.* ¶ 12.

# ANALYSIS

1. **Sovereign Immunity Prevents This Court from Having Subject Matter Jurisdiction**

The Ninth Circuit case *Nationwide Investors v. Miller* controls here. *Nationwide Investors v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986). In *Nationwide* the court stated that one of the purposes of a removal action to federal court is to "prevent state courts from unlimited exercise of their subpoena power against federal officers upon pain of contempt." *Id.* When there is no waiver of sovereign immunity, the state court has no jurisdiction, and a district court must properly dismiss the action for the same lack of jurisdiction. *Id.* In *Nationwide* there was no waiver of the United States sovereign immunity and consequently no state court jurisdiction over the garnishment action. *Id.*

Here, this court can find no waiver; the parties and state court have identified none. The finding of a waiver of sovereign immunity is rare: "[t]he United States has waived its immunity to such actions only in cases of child support and alimony, 42 U.S.C. § 659, in cases involving postal workers, *see* 39 U.S.C. § 401(1), and in a few other isolated situations…" *Nationwide Investors v. Miller*, 793 F.2d 1044, 1048 (9th Cir. 1986). The limited instances of waivers do not include wage garnishment.

In a factually similar case concerning a federal agency's failure to garnish wages, the Ninth Circuit declined to find a waiver of the government's sovereign immunity: "*Nationwide* is the law of this circuit. Only an en banc court has the power to reject our precedent unless some intervening Supreme Court opinion has undermined that

precedent." *Landreth v. C.I.R.,* 859 F.2d 643, 648 (9th Cir.1988). The Supreme Court cases on sovereign immunity do not contradict the holding in *Nationwide*. *Nat'l Bus. Factors, Inc. v. Rollins,* 991 F.2d 803 (9th Cir. 1993). The Supreme Court has specifically stated that a waiver of sovereign immunity by the United States must be "unequivocally expressed." *Id.* This Court is likewise constrained to honor the sovereign immunity of DFAS, absent an "unequivocally expressed" waiver.

Even assuming DFAS wrongfully failed to garnish Crumpton's wages, sovereign immunity still bars Springleaf from collecting payment from DFAS. This issue is not whether DFAS should have garnished Crumpton's wages. Instead, the issue is whether sovereign immunity has been waived, allowing Springleaf to recover directly from DFAS for its failure to garnish Crumpton's wages. Therefore, Springleaf's arguments pertaining to whether DFAS should have garnished Crumpton's wages are irrelevant. The Court will therefore grant DFAS's motion to dismiss.

## ORDER

**IT IS ORDERED:**

1. Defendants Motion for Summary Judgment (Dkt. 6) is **GRANTED**.
2. The state order to appear and account is **QUASHED.**



DATED: July 28, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court